UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JUSTO ROLANDO DEL ORBE,

                    Petitioner,

      -v-

ERIC H. HOLDER, JR., United States Attorney General et al.,

                    Respondents.

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/27/12

12 Civ. 1057 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

      Respondents Eric H. Holder, the United States Customs and Immigration Service ("USCIS") and USCIS's District Director (collectively, "the government") move under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings against the petition of Justo Rolando Del Orbe ("Del Orbe"), which seeks review of USCIS's June 2010 decision denying his application for naturalization as a United States citizen. That application was denied on the ground that Del Orbe's 1999 conviction, in New York Supreme Court, for criminal possession of a controlled substance in the third degree is an aggravated felony, precluding a finding—necessary for naturalization—that he is of "good moral character." For the following reasons, the government's motion for judgment on the pleadings is granted.

I.  **Background and Procedural History**[1]

Del Orbe, a native and citizen of the Dominican Republic, entered the United States in 1976 at age 7. He has since been a lawful permanent resident of the United States. Pet. ¶¶ 15–16. On December 12, 1997, Del Orbe was named in a two-count indictment for criminal sale of a controlled substance (crack cocaine). Dkt. 1-1 at ECF p. 31. On April 23, 1999, Del Orbe pled guilty in New York Supreme Court to a count in that indictment, charging him with criminal possession of a controlled substance in the third degree—a Class B Felony—in violation of New York Penal Law ("N.Y.P.L.") § 220.39. Pet. ¶ 19 & Ex. I. Del Orbe was sentenced to five years' probation, a $150 surcharge, and a six-month suspension of his driver's license. *Id.*[2]

In or about March 2009, Del Orbe filed an application with USCIS, seeking to become a naturalized citizen of the United States. *Id.* ¶ 18 & Ex. F. On July 31, 2009, USCIS denied the application, on the ground that Del Orbe's 1999 drug conviction was an aggravated felony which precluded the finding of good moral character necessary for approval of a naturalization application under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 *et seq. Id.* at Ex. B. Del Orbe appealed the decision administratively. On June 16, 2010, USCIS upheld the initial denial on the same ground. *Id.* at Ex. E.

---

[1] The Court's account of the underlying facts of this case is drawn from Del Orbe's petition ("Pet."), which attaches a number of documentary exhibits, including, *inter alia*, Del Orbe's naturalization application and USCIS's decision on Del Orbe's application. These documents are properly considered in resolving the instant motion: "In considering a Rule 12(c) motion, 'a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint.'" *Baldessarre v. Monroe-Woodbury Cent. Sch. Dist.*, 820 F. Supp. 2d 490, 500 (S.D.N.Y. 2011) (quoting *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010)). Of course, in the context of a motion for judgment on the pleadings, the Court assumes the truth of all facts in the petition and draws all reasonable inferences in favor of Del Orbe.

[2] Del Orbe has also been arrested at least three other times. *See id.* ¶ 18. However, because USCIS's denial of his naturalization application was not premised on those other arrests, they are not addressed further.

On or about February 29, 2012, Del Orbe filed this petition, seeking *de novo* review of USCIS's resolution of his application. In his petition, Del Orbe asserts that his 1999 drug conviction is not an aggravated felony under the INA, and hence does not render him ineligible for naturalization. Specifically, he argues, the facts underlying that conviction show that he merely facilitated a co-defendant's drug sales, and did not personally handle the drugs himself; thus, he contends, he should instead have been charged with a lesser crime that would not constitute an "aggravated felony." Del Orbe also argues that, since 1999, he has "turned his life around" and has demonstrated good moral character.

On April 30, 2012, the government answered the petition. Dkt. 2. On June 20, 2012, the Court held an initial conference in this matter, at which the government indicated that it would move for judgment on the pleadings; that motion was filed on July 2, 2012. Dkt. 6–7. On July 17, 2012, Del Orbe responded. Dkt. 8. The government has not filed a reply.

## II.     Applicable Legal Standard

A motion for judgment on the pleadings under Rule 12(c) is governed by the same standard as a motion to dismiss under Rule 12(b)(6). *Ades & Berg Group Investors v. Breeden (In re Ades & Berg Group Investors)*, 550 F.3d 240, 243 n.4 (2d Cir. 2008) (citing *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999)); *see also United States Life Ins. Co. v. Blum*, No. 09-cv-9416, 2011 U.S. Dist. LEXIS 1531, at *10 (S.D.N.Y. Jan. 3, 2011). The court must accept a plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Gonzalez v. Caballero*, 572 F. Supp. 2d 463, 466 (S.D.N.Y. 2008); *see also Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). To survive a motion for judgment on the pleadings, the Complaint must contain factual allegations amounting to "more than an unadorned, the-defendant-unlawfully-harmed me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009), such that those allegations, when accepted as true, "state a claim for relief that is plausible on its face." *South Cherry Street LLC v. Hennessee Group LLC*, 573 F.3d 98, 110 (2d Cir. 2009) (emphasis in original).

### III. Discussion

#### A. Standard of Review of Naturalization Denials

Under § 310(c) of the INA, 8 U.S.C. § 1421(c), a person whose application for naturalization has been denied by USCIS, and then upheld on administrative appeal, "may seek review of such denial before the United States District Court for the district in which such person resides." Section 1421(c) further provides that "[s]uch review shall be *de novo*, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application." *Id.* However, because the review of naturalization proceedings is subject to the Federal Rules of Civil Procedure, a court need not conduct an evidentiary hearing where, as here, there are no disputed issues of material fact. *Chan v. Gantner*, 464 F.3d 289, 295–96 (2d Cir. 2006); *Ali v. Holder*, No. 11-cv-6122, 2012 U.S. Dist. LEXIS 39458, at *10 (W.D.N.Y. Mar. 21, 2012); *McElhaney v. USCIS*, No. 09-cv-1474, 2010 U.S. Dist. LEXIS 111428, at *7 (D. Conn. Oct. 20, 2010).

#### B. Del Orbe's Eligibility for Naturalization

Under the INA:

> No person . . . shall be naturalized unless such applicant, (1) immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years and during the five years immediately preceding the date of filing his application has been physically present therein for periods totaling at least half of that time[,] and who has resided within the State or within the district of the Service in the United States in which the applicant filed the application for at least three months, (2) has resided continuously within the United States from the date of the application up to the time of admission to

> citizenship, and (3) during all the periods referred to in this subsection has been and still is a person of good moral character

8 U.S.C. § 1427(a). "An applicant for naturalization bears the burden of demonstrating that, during the statutorily prescribed period, he or she has been and continues to be a person of good moral character." 8 C.F.R. § 316.10(a). The INA does not provide an affirmative definition of good moral character, but identifies conditions that establish *per se* the absence of such character. Relevant here, under 8 U.S.C. § 1101(f), "[n]o person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was . . . (8) convicted of an aggravated felony (as defined in subsection (a)(43))."

Importantly, the Second Circuit has held that §1101(f) is triggered regardless of the vintage of the aggravated felony conviction: Even if an alien was convicted of an aggravated felony more than five years before filing his or her naturalization application, the applicant nevertheless "was convicted," 8 U.S.C. § 1101(f), of such a felony, and ineligible as "one who at any time has been convicted of an aggravated felony." *See Chan*, 464 F.3d at 293–94 (citing *Boatswain v. Gonzales*, 414 F.3d 413, 418 (2d Cir. 2005)). It is, therefore, legally irrelevant that Del Orbe's conviction occurred nearly a decade before he filed for naturalization.[3]

An aggravated felony is defined to include "illicit trafficking in a controlled substance . . . including a drug trafficking crime (as defined in [18 U.S.C. § 924(c)])." 8 U.S.C. § 1101(a)(43)(B). A "drug trafficking crime" under 18 U.S.C. § 924(c), in turn, is "any felony punishable under the Controlled Substances Act." 18 U.S.C. § 924(c)(2). Under the Controlled

---

[3] The aggravated felony exclusion was introduced by a 1990 amendment to the immigration laws. USCIS has, therefore, interpreted the exclusion as applicable only to convictions entered after the statute's November 29, 1990 effective date. *See, e.g.*, 8 C.F.R. § 316.10(b)(1)(ii); *Puello v. USCIS*, 511 F.3d 324, 328 (2d Cir. 2007). Because Del Orbe's conviction was in 1999, that distinction is also irrelevant to this case.

[5]

Substances Act ("CSA"), "[t]he term 'felony' means any Federal or State offense classified by applicable Federal or State law as a felony." 21 U.S.C. § 802(13). The Supreme Court has held that a state drug offense is considered a felony under the CSA for purposes of the INA only if the proscribed conduct would also be punishable as a felony under federal law. *See Lopez v. Gonzales*, 549 U.S. 47, 60 (2006). Thus, if the conduct necessary to support criminal possession of a controlled substance in the third degree—the offense to which Del Orbe pled guilty—is punishable as a felony under federal law, his conviction is for an "aggravated felony" under the INA.

Although no court in this Circuit has yet considered the question, it is clear that the conduct necessary to sustain a conviction under N.Y.P.L. § 220.39 is punishable only as a felony under federal law. Two other federal courts, outside this Circuit, have so held. *See Griffith v. AG of the United States*, 400 F. App'x 632, 635 (3d Cir. 2010) (violation of § 220.39 constitutes an aggravated felony and denying petition to review removal order); *Navarro v. Holder*, 840 F. Supp. 2d 1331, 1334–35 (S.D. Fla. 2012) (same).

As these courts have recognized, the elements of N.Y.P.L. § 220.39 are in full alignment with a felony provision of the CSA. Section 220.39 makes it unlawful to "knowingly and unlawfully sell[]: . . . a narcotic drug." And the CSA makes it unlawful to "knowingly or intentionally . . . manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1).

The "knowing" and "unlawful" sale of a "narcotic drug" necessary to sustain a conviction under § 220.39 would unambiguously also constitute the "knowing" and "intentional" "distribution" of a controlled substance under the CSA. And, under the CSA, that offense is a felony, carrying a maximum term of imprisonment (assuming the distribution of less than 500

[6]

grams of cocaine) of 20 years. *See* 21 U.S.C. § 841(b)(1)(C) ("In the case of a controlled substance in schedule I or II . . . such person shall be sentenced to a term of imprisonment of not more than 20 years.").[4]

Del Orbe's argument that prosecutors could or should have exercised discretion to charge him with a lesser crime under New York law is beside the point. In determining whether an alien's prior conviction is for an "aggravated felony" under the INA, courts analyze only "the minimum criminal conduct necessary to sustain a conviction under a given statute," not the "singular circumstances of an individual petitioner's crimes." *Gertsenshteyn v. Mukasey*, 544 F.3d 137, 143 (2d Cir. 2008); *see also Martinez v. Mukasey*, 551 F.3d 113, 118 (2d Cir. 2008). The Court may only "look at the necessary elements of [Del Orbe's] state conviction and then determine whether those elements, if prosecuted pursuant to federal criminal law, would necessarily be punishable as a felony." *Martinez*, 551 F.3d at 120.

In *Martinez*, the Second Circuit vacated a finding that a conviction for petty marijuana possession under N.Y.P.L. § 221.40—a misdemeanor charge—was nonetheless an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B). 551 F.3d at 122. It reasoned that a defendant could be convicted under § 221.40 for possessing as little as 2 grams of marijuana, and such conduct, under federal law, could be prosecuted as a misdemeanor. *See* 21 U.S.C. § 841(b)(4) (providing that "any person who . . . distribute[s] a small amount of marihuana for no remuneration shall be treated as provided in" 21 U.S.C. § 844, the statute for misdemeanor marijuana possession); *Martinez*, 551 F.3d at 119. Thus, the alien in *Martinez* could have been charged with a federal misdemeanor based on the conduct necessary to support his conviction under § 221.40. Accordingly, the Second Circuit held that Martinez's conviction did not constitute an

---

[4] Cocaine and its derivative mixtures and preparations are Schedule II drugs. *See* 21 C.F.R. § 1308.12(b)(4).

[7]

"aggravated felony" under the INA, so as to justify a *per se* finding that he lacked good moral character. *Id.* at 122.

By contrast, federal narcotics law does not contain any provision under which the criminal possession and sale of crack cocaine—the conduct necessarily underlying Del Orbe's New York conviction—could be prosecuted as other than a felony.[5]

In sum, the conduct necessary to support a conviction under New York law for criminal sale of a controlled substance in the third degree is punishable under Federal law *only* as a felony. Accordingly, Del Orbe's conviction was properly deemed a "felony punishable under the Controlled Substances Act," and hence an "aggravated felony" pursuant to 8 U.S.C. § 1101(a)(43)(B). That conclusion precludes a finding of good moral character. Del Orbe is, therefore, ineligible as a matter of law for naturalization.

## CONCLUSION

For the foregoing reasons, the government's motion for judgment on the pleadings is granted. The Clerk of Court is directed to terminate the motion at docket number 6, and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: August 27, 2012
 New York, New York

---

[5] Nor can Del Orbe posit that the controlled substance in his offense was marijuana, as to which a federal misdemeanor statute is available: criminal sale of a controlled substance in the third degree applies only to the sale of narcotics, hallucinogens, amphetamines, and other drugs not including marijuana. *See* N.Y.P.L. § 220.39.

[8]